UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID J.W. TYRAN, JR.,

       Plaintiff,

v.

THE PEOPLE OF THE STATE OF MICHIGAN,

       Defendant.

_____/

Hon. Hala Y. Jarbou

Case No. 1:26-cv-00383

## REPORT AND RECOMMENDATION

Plaintiff initiated this action on February 5, 2026, and filed an application to proceed in this Court without prepaying fees or costs—or to proceed *in forma pauperis* (IFP).   (ECF Nos. 1, 2).   The Court granted Plaintiff's amended application to proceed IFP (ECF Nos. 8, 10) and has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it was frivolous, malicious, or failed to state a claim upon which relief could be granted.   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed.

### I. Background

In his Complaint, Plaintiff alleges that he "ha[s] been victimized by the citizens of the State of Michigan," who violated his "constitutional right to pursue happiness." (ECF No. 1, PageID.1).   Plaintiff alleges that he "ha[s] multiple untreated spinal and cartilage/bone fractures" and that he is "living [his] one life in severe pain due to the actions of Michigan citizens."   (ECF No. 1, PageID.2).   Plaintiff requests $50 billion in

relief. (*Id.*). Plaintiff further alleges multiple medical ailments, asserting that he has been "victimized by the medical community" (ECF No. 1, PageID.5) through "extensive x-rays" (ECF No. 1, PageID.3) and refusals to diagnose or treat him (ECF No. 1, PageID.2-5).

**II. Analysis**

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*. As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint

> states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

Plaintiff fails to allege facts sufficient to state a claim upon which relief may be granted.   Plaintiff's allegations do not provide dates, locations, or names of individuals or entities to sustain any viable cause of action.   Plaintiff's claims are precisely the kind of "unadorned, the defendant-unlawfully-harmed–me accusation[s]" that are facially implausible and not viable under *Twombly* and *Iqbal*.   *Iqbal,* 556 U.S. at 678.

To the extent that Plaintiff initiates this action against the state government or its agencies, the Court lacks jurisdiction to hear such a suit.   *See Pichiorri v. Burghes*, 162 F.4th 745, 752 (6th Cir. 2025) ("The Constitution grants the States sovereign immunity from a private party's suit against them in federal court."); *see also Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996).   Accordingly, the undersigned recommends that Defendant's motion be granted and this action terminated.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint be dismissed.   For the same reasons the undersigned makes these recommendations, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.   *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Dated: March 12, 2026                              /s/ Phillip J. Green
                                                   PHILLIP J. GREEN
                                                   United States Magistrate Judge


-4-